UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald L. Johnson, # 215314,<br><br>        Plaintiff,<br><br>vs.<br><br>Sharon Glidden; and<br>Brian Lee Glidden,<br><br><br>        Defendants.<br>_____ | **C/A No. 2:11-CV-0737-CWH-BHH**<br><br><br><br><br>**Report and Recommendation** |

### *Background of this Case*

Plaintiff is a pre-trial detainee at the Charleston County Detention Center in North Charleston, South Carolina. The two Defendants are residents of Ladson, South Carolina. The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of an automobile-bicycle accident that took place prior to Plaintiff's incarceration. On April 15, 2010, Plaintiff was riding his bicycle on a street in a residential neighborhood when Defendant Brian Lee Glidden hit Plaintiff while he (Brian Lee Glidden) was backing his automobile out of his driveway onto the street. Defendant Sharon Glidden is the registered owner of the automobile. In his prayer for relief, Plaintiff seeks compensation for hospital bills, pain and suffering, and punitive damages in the amount of $500,000 or in an amount deemed to be appropriate by this Court.

### *Discussion*

1

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The two Defendants cannot be sued pursuant to 42 U.S.C. § 1983 because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

A state law cause of action for negligence would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Since Plaintiff and both Defendants are citizens of South Carolina, complete diversity of parties is not present in this case. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Hence, there is no diversity jurisdiction in this case to consider any claims arising under state law.

### *Recommendation*

3

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

April 4, 2011  
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court  
United States District Court  
Post Office Box 835  
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).