IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Gerald L. Johnson, | ) | Civil Action No. 2:11-0737-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sharon Glidden and Brian Lee Glidden, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Gerald L. Johnson (the "plaintiff"), has filed this pro se action pursuant to 42 U.S.C. § 1983 against Ladson residents Sharon Glidden and Brian Lee Glidden, seeking redress for injuries received on April 15, 2010 when an automobile driven by Brian Lee Glidden (and owned by Sharon Glidden) collided with the plaintiff, who was riding a bicycle. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). The magistrate judge carefully analyzed the issues and the applicable law prior to recommending that the case be dismissed without prejudice and without issuance of service of process because (1) the defendants were not state actors, and therefore were not amenable to suit under § 1983, and (2) there was no diversity jurisdiction between the parties that would permit the Court to consider any claims arising under state law. (ECF No. 8). The plaintiff timely filed his objections to the R&R. (ECF No. 10).

This matter is now before the Court for disposition. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a

specific objection is made. 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the R&R, or recommit the matter with instructions. 28 U.S.C. §636(b)(1).

After carefully reviewing the applicable law, the record in this case, the R&R, and the objections thereto, the Court finds the magistrate judge's R&R fairly and accurately summarizes the facts and applies the correct principles of law. The Court, therefore, accepts and adopts the R&R of the magistrate judge in its entirety (ECF No. 8). The plaintiff's complaint is dismissed without prejudice and without issuance and service of process upon the defendants.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

August 24, 2012
Charleston, South Carolina